Slip Op. 14-133

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SIGMA-TAU HEALTHSCIENCE, INC. A.K.A. SIGMA-TAU HEALTHSCIENCE, LLC,    Plaintiff, v. UNITED STATES OF AMERICA,    Defendant. | Before: Gregory W. Carman, Senior Judge  Court No. 11-00093 |

## MEMORANDUM AND ORDER

Upon consideration of Plaintiff Sigma-Tau Healthscience, Inc.'s Motion for an Order of Referral to Mediation, Defendant's response in opposition thereto, and upon consideration of other papers and proceedings had herein, and upon due deliberation, Plaintiff's motion is denied.

Pursuant to USCIT Rule 16.1, judges have broad authority to make a mediation referral "[a]t any time during the pendency of an action." USCIT R. 16.1.[1] However, court annexed mediation, particularly if contested, is not a tool that is frequently employed in this court. Therefore, the Court conducts a benefits versus risks analysis when a motion for court annexed mediation is before it.

In its Motion for an Order of Referral to Mediation ("Pl.'s Mot."), ECF No. 48, Plaintiff relies on the holding in *Tenacious,* where the court granted defendant Tenacious Holdings, Inc.'s contested motion for court annexed mediation, and further purports that "the facts in the instant

---

[1] For a discussion of USCIT Rule 16.1 and the Guidelines for Court Annexed Mediation ("Guidelines"), see *United States v. Tenacious Holdings, Inc.*, 38 CIT __, 6 F. Supp. 3d 1374 (2014) ("*Tenacious*").

Court No. 11-00093                                                                                                    Page 2

case are even more compelling for mediation than in the *Tenacious* case." Pl.'s Mot at 3. However, *Tenacious* involves a rare set of circumstances, none of which are present in this case, and therefore the same reasoning does not apply here.  Rather, Defendant correctly contends that court annexed mediation is premature in this case.  *See* Def.'s Resp. to Pl.'s Mot. for an Order of Referral to Mediation ("Def.'s Opp'n"), ECF No. 49.

The facts which favored mediation in *Tenacious* are absent here.  First, in *Tenacious*, the court reasoned that "mediation is more likely to be successful given that the amount in dispute [in *Tenacious*] is relatively low and the tariff provision at issue is no longer in effect and therefore resolution of this case is unlikely to impact future cases." *Tenacious,* 6 F. Supp. 3d at 1378.  These circumstances were essential when weighing the benefits versus the risks of contested mediation.  In *Tenacious*, the court accepted the movant's argument that the small amount in controversy could be "exceeded by litigation expenses," thereby giving "an incentive for early resolution" of the action.  *Id*. at 1376.

Another equally decisive factor present in *Tenacious* is that the classification provision at issue expired in 2009, and any litigated decision in that case would have no precedential impact.  *Id*. at 1378.  In contrast, the instant case involves an unknown amount in controversy and a classification with precedential value, because the subject merchandise is "routinely imported and tariff provisions [are] still very much in effect." Def.'s Opp'n at 3.  Consequently, the Court agrees with Defendant that the "issues before the Court are purely legal in nature" and thus "a decision on the merits in this case is necessary to resolve the dispute over classification of Sigma-Tau's present and future importations" of subject merchandise.  *Id*. at 2, 3.

Court No. 11-00093																							Page 3

None of the rare circumstances found in *Tenacious* are found in the instant case.  This is a straightforward classification case.  Further, this is a designated test case, which emphasizes the interest in the legal resolution of this action for future application.  Defendant properly states that "a dispositive motion, not mediation . . . is the most economical, efficient and proper vehicle in which to resolve this action." *Id*. at 2-3.  The Court agrees and finds that the potential risks of court annexed mediation outweigh the benefits.

Accordingly, Plaintiff's Motion for an Order of Referral to Mediation is therefore DENIED.

It is so ORDERED.

/s/    Gregory W. Carman
Gregory W. Carman, Senior Judge

Dated: November 18, 2014
       New York, New York