Slip Op. 14-152

# UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| SIGMA-TAU HEALTHSCIENCE, INC. A.K.A. SIGMA-TAU HEALTHSCIENCE, LLC,  Plaintiff, v. UNITED STATES,  Defendant. | Before: Gregory W. Carman, Senior Judge  Court No. 11-00093 |

## MEMORANDUM AND ORDER

Upon consideration of Plaintiff Sigma-Tau HealthScience, Inc., a.k.a. Sigma-Tau HealthScience, LLC's Motion to Deem Admitted Certain Requests for Admission ("Pl.'s Mot.") (ECF No. 50), Defendant's Response to Plaintiff's Motion for an Order to Deem Admitted Certain Requests for Admission and for Costs ("Def.'s Opp'n") (ECF No. 55), and upon consideration of all other papers and proceedings had herein, and upon due deliberation, Plaintiff's motion will be held in abeyance until January 28, 2015.

Plaintiff moves under USCIT Rule 36(a)(6),[1] challenging the sufficiency of Defendant's objections and requesting that the Court deem "admitted in full without objection" its requests

---

[1] USCIT Rule 36(a)(6) provides:

(6) <u>Motion Regarding the Sufficiency of an Answer or Objection</u>.  The requesting party may move to determine the sufficiency of an answer or objections.  Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served.  The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(4) applies to an award of expenses.

for admission 44 through 47.  Pl.'s Mot. at 14.  Plaintiff also requests an award of expenses under USCIT Rule 37(a)(4),[2] which is cross-referenced in USCIT Rule 36(a)(6).  Plaintiff quoted another provision, USCIT Rule 37(c)(2),[3] to support its argument that the Court should deem admitted its requests but this provision is a cost provision for failure to admit, which is inapplicable at this juncture.  *See* Pl.'s Mot. at 11.  USCIT Rule 36(a)(6) is the basis for Plaintiff's motion.  The purpose of "Rule 36 is to expedite trial by eliminating the necessity of

---

[2] USCIT Rule 37(a)(4) provides:

    (4) <u>Payment of Expenses; Protective Orders.</u>
        (A) <u>If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).</u>  If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
           (i)  the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
           (ii)  the opposing party's nondisclosure, response, or objection was substantially justified; or
           (iii) other circumstances make an award of expenses unjust.

[3] USCIT Rule 37(c)(2) provides:

    (2) <u>Failure to Admit</u>.  If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof.  The court must so order unless:
        (A) the request was held objectionable under Rule 36(a);
        (B) the admission sought was of no substantial importance;
        (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
        (D) there was other good reason for the failure to admit.

proving essentially undisputed and peripheral issues." *Beker Indus. Corp. v. United States,* 7 CIT 361, 361 (1984). This motion to deem admitted certain requests for admission is premature since the parties have not made a substantive good faith effort to resolve this dispute, which is a requirement for an award of expenses pursuant to USCIT Rule 37(a)(4)(i). Thus, expenses will not be awarded. During this period of abeyance, the Court provides the parties an opportunity to make a substantive good faith effort to resolve this dispute.

The Court acknowledges that the parties' correspondence appears to be an initial attempt to resolve this dispute. *See, e.g.,* Pl.'s Cert. of Good-Faith Efforts to Resolve Disc. Disputes (ECF No. 50-2), Pl.'s Mot. Exs. F, G (ECF Nos. 50-6, 50-7), Def.'s Opp'n Ex. 1 (ECF No. 55-1). However, the Court requests that the parties ramp up their efforts to a substantive level. Substantive good faith efforts to resolve these disputes mean that Plaintiff must address Defendant's objections.[4] For example, if a request for admission deals with a document entirely in a foreign language, then it is reasonable for the opposing party to request a certified translation.

Substantive good faith efforts also mean that parties will not quibble over terminology such as "reliable authority" versus "authoritative source" in requests for admission; the plain meaning of both terms are synonymous and unambiguous. It should be noted that an academic journal article is generally considered both a reliable authority and an authoritative source. It

---

[4] Plaintiff's Exhibit G, dated September 18, 2014, expresses its "concerns with the inadequacy of [Defendant's] original responses" to "Admissions Numbers 30 and 44-47" but then spends the bulk of the letter discussing the U.S. Pharmacopeia, which is not at issue in this case, as an authoritative source. A passing reference to admission requests without any substantive discussion or explanation does not constitute a good faith attempt. Each disputed admission request should be addressed with particularity.

should also be noted that admission of authoritative sources does not require that a proposition for which it supports be offered at this stage of litigation. Parties should make meaningful efforts to address each other's concerns and provide definitive, clear answers to disputed issues.

The Court will hold the motion in abeyance until January 28, 2015, because a review of the briefs and exhibits shows that parties have not yet made a substantive good faith effort to resolve admission requests 44 through 47 prior to seeking court action. By January 28, 2015 parties shall submit a joint status report indicating whether Plaintiff still seeks the relief set out in its motion, whether Plaintiff intends to withdraw the motion, and whether either party wishes for an opportunity for further briefing or whether the motion should be considered briefed as is.

Subsequent to this motion, Plaintiff filed two contested motions which the Court has considered in conjunction with this motion—Plaintiff's Motion for Oral Argument on Its Motion to Deem Admitted Certain Requests for Admission (ECF No. 56) and Plaintiff's Motion for Leave to File Reply Memorandum in Support of Motion to Deem Admitted Certain Requests for Admission (ECF No. 57).

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's Motion to Deem Admitted Certain Requests for Admission is held in abeyance until January 28, 2015; and it is further

ORDERED that parties file a joint status report by January 21, 2015; and it is further

ORDERED that Plaintiff's Motion for Oral Argument on Its Motion to Deem Admitted Certain Requests for Admission is denied; and it is further

Court No. 11-00093                                                                                              Page 5

      ORDERED that Plaintiff's Motion for Leave to File Reply Memorandum in Support of Motion to Deem Admitted Certain Requests for Admission is denied.  If necessary, parties will have the opportunity to request further briefing in their joint status report.

      It is so ORDERED.


                                                /s/     Gregory W. Carman
                                                Gregory W. Carman. Senior Judge


Dated: December 22, 2014
       New York, New York